**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff,*
Kelissa Ronquillo

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Kelissa Ronquillo, individually and on behalf of others similarly situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br><br>**Lyft, Inc., First Impressions Interactive, Inc., and Boomsourcing, LLC,**<br><br>**Defendants**. | Case No: 3:19-cv-01230-BEN-BGS<br><br>CLASS ACTION<br>SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:<br><br>1.   NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227<br>2.   KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227<br><br>**JURY TRIAL DEMANDED** |

1

**INTRODUCTION**

1. Kelissa Ronquillo ("Plaintiff"), individually and on behalf of all others similarly situated ("Class Members"), brings this action, through her attorneys, for damages and injunctive relief, and any other available relief against Lyft, Inc. ("Lyft"), First Impressions Interactive, Inc. ("First Impressions"), and Boomsourcing, LLC ("Boomsourcing") (collectively referred to as "Defendants"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for negligently or intentionally contacting Plaintiff and Class Members on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

2. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

3. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation

2

> affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

6.  As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

7.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

8.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on her personal knowledge.

9.  Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

10.     All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

11.     Unless otherwise indicated, the use of Defendants' names in this Complaint include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## JURISDICTION & VENUE

12.     This Court has federal question jurisdiction because this case arises out of violation of federal law: TCPA, 47 U.S.C. § 227 *et seq*.

13.     This court has personal jurisdiction over Defendants because Defendant Lyft is headquartered in San Francisco, California, and Defendants First Impressions and Boomsourcing conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district

14.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), because Defendants transact business in this district and the acts and omissions alleged occurred while Plaintiff was physically located in the County of San Diego, State of California, in this judicial district.

## PARTIES & DEFINITIONS

15.     Plaintiff is, and at all times mentioned herein was, a natural person and resident of the State of California, County of San Diego.

16.     Lyft is, and at all times mentioned herein was, a corporation registered in the state of Delaware with its headquarters and principal place of business in San Francisco, California.

17.     First Impressions is, and at all times mentioned herein was, an Illinois corporation, which regularly conducts business in the State of California.

18. Boomsourcing is, and at all times mentioned herein was, a Utah limited liability company, located in Lehi, Utah, which regularly conducts business in the State of California.

19. Defendants are, and at all times mentioned herein were, "person[s]", as defined by 47 U.S.C. § 153(39).

### FACTUAL ALLEGATIONS

20. First Impressions is a media and marketing company that works with Boomsourcing to generate and follow up on leads.

21. Boomsourcing operates call centers to outsource on behalf of First Impressions to ultimately generate sales for Lyft.

22. First Impressions and Boomsourcing, on behalf of and for the benefit of Lyft, regularly make pre-recorded and autodialed telephone calls to consumers in order to market Lyft driving services.

23. Lyft is fully aware of the calls being made relating to its services.

24. Through this arrangement, potential customers believe they are talking to Lyft during the entirety of their communications with First Impressions and Boomsourcing.

25. Prior to the filing of this action, Plaintiff obtained representation from attorney Daniel G. Shay ("Attorney").

26. Thereafter, on or around February 22, 2019, Plaintiff received at least one phone call to her cellular telephone from the telephone number (717) 414-5150.

27. Plaintiff did not recognize the number nor had she ever consented to being called from that number, so she did not answer the call. After a few seconds, the call was dropped.

28. This is a common sign of the use of an ATDS, as an ATDS will drop the call if nobody answers within a short period of time and will dial the next number on its stored list.

29.   When Attorney subsequently called the number, he was greeted by the pre-recorded voice of an "agent" named "Sidney."

30.   The pre-recorded voice mentioned "Drive 4 Cash" and asked Attorney several questions regarding his age, driver's license status, and vehicle. After Attorney answered the prompts, "Sidney" informed Attorney that he was qualified to drive for Lyft's ride-share business.

31.   The call then connected Attorney to a live agent named "Iris" that said she would help attorney set up a Lyft account.  Attorney asked Iris her company name and she said "Lyft".  Attorney asked if she worked for Lyft directly or another company and she said Lyft directly.  Attorney asked for the website of her company and she said "Lyft.com".

32.   Upon information and belief, had Plaintiff answered the February 22 call from (717) 714-5150, she would have been greeted by the same pre-recorded voice, which would similarly walk her through the process of signing her up as a driver for Lyft's ride-sharing business.

33.   Upon information and belief, Defendants place these calls to solicit drivers to sign up for Lyft's business.

34.   Upon information and belief, Defendants have a policy and regular practice of placing calls, or knowingly sanctioning such calls, to consumers using a pre-recorded or automated voice and an ATDS.

35.   At no point prior to or after the filing of this action has Plaintiff downloaded or otherwise utilized the Lyft app or Defendants' services. Therefore, at no point did Plaintiff give any of the Defendants consent to call her cellular telephone with an ATDS and/or pre-recorded voice.

36.   The TCPA clearly prohibits making non-emergency calls "using any [ATDS] or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . .." 47 U.S.C. § 227(b)(1)(A). The statute provides for $500.00 in statutory damages for each negligent violation, *id.* §

227(b)(3)(B). However, if the court finds that the Defendants "willfully or knowingly" violated the TCPA, it can award up to $1,500 in statutory damages. *Id.*

37.   This suit seeks only damages and injunctive relief for recovery of economic injury, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

38.   Plaintiff was personally affected by Defendants' actions because Defendants' use of an ATDS and pre-recorded voice forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.

39.   Plaintiff was further personally affected because she was frustrated and distressed that despite never having any contact with Defendants, Defendants harassed Plaintiff with a call using an ATDS and pre-recorded voice.

40.   Defendants, upon information and belief, used an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

41.   Upon information and belief, Defendants' ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42.   Upon information and belief, Defendants' ATDS also has the capacity to and does, dial telephone numbers stored as a list or in a database without human intervention.

43.   Plaintiff's cellular telephone, which Defendants called, was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

44.   The unwanted telephone call constitutes a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

45.   Plaintiff did not provide express consent to Defendants to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

46.   Plaintiff is informed and believes and here upon alleges, that this call was made by Defendants, with Lyft's permission, knowledge, control and for Lyft's benefit.

47.   Consumers receiving calls from Boomsourcing and First Impressions' and representatives believe Lyft was making the calls because Boomsourcing and First Impressions were never mentioned during the calls as the entity placing the calls, and when consumers seek to speak to a live representative, within the same call, they are being connected to a live representative from Lyft (or an agent from Lyft who is authorized to use Lyft's brand name and solicit its services).

48.   Indeed, consumers do not even learn that another entity is involved, even when consumers specifically ask whether another entity placed a call on behalf of Lyft.

49.   Lyft is directly and/or vicariously liable for the unlawful dialing practices of its agents, including First Impressions and Boomsourcing, because Lyft presents itself as an entity authorizing these agents to act on its behalf and takes no steps whatsoever to prohibit the unlawful dialing practices, while retaining the economic benefits and increased business derived from such unlawful practices.

50.   Lyft knew that its agents and representatives, including First Impressions and Boomsourcing, act on its behalf.

51.   Lyft was aware of the calls made on its behalf, and when connected, introduced itself as a principal entity ready and willing to solicit business from consumers.

52.   Plaintiff was personally affected by Defendants' aforementioned conduct because Plaintiff was frustrated and distressed that Defendants interrupted Plaintiff with an unwanted telemarketing call using an ATDS for marketing purposes.

**Second Amended Class Action Complaint**                                    3:19-cv-01230-BEN-BGS

53. Through Defendants' aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

54. Moreover, Plaintiff is informed and believes and here upon alleges, that Defendants or Defendants' agent, with Defendants' permission, knowledge, control and for the Defendants' benefit, "willfully or knowingly" utilized a pre-recorded voice in conjunction with its ATDS in violation of well-established federal law prohibiting such conduct.

55. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

56. Plaintiff seeks statutory damages and injunctive relief under 47 U.S.C § 227(b)(3).

### CLASS ACTION ALLEGATIONS

57. Plaintiff brings this lawsuit as a class action on behalf of herself and Class Members of the proposed classes pursuant to Federal Rules of Civil Procedure 23(a), (c)(5), and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

58. Plaintiff proposes the following class, consisting of and defined as follows:

> All persons in the United States whose cellular telephones were called using a pre-recorded voice and/or an automated telephone dialing system by First Impressions, Boomsourcing, and/or Lyft and/or their agent/s within the two years prior to the filing of the Complaint.

59. Excluded from the Class Members are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is

assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

60. Plaintiff reserves the right to redefine the classes and to add subclasses as appropriate based on discovery and specific theories of liability

61. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendants called thousands of class members nationwide and recorded those calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

62. <u>Commonality</u>: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within the statutory period Defendants placed any call to the Class Members using an ATDS or pre-recorded voice;

- Whether Defendants had, and continue to have, a policy during the relevant period of placing calls to the Class Members using an ATDS or pre-recorded voice;

- Whether Defendants used, and continue to use, an ATDS to make automated phone calls to Class Members

- Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and

- Whether Defendants should be enjoined from engaging in such conduct in the future.

**Second Amended Class Action Complaint** 3:19-cv-01230-BEN-BGS

63.  <u>Typicality</u> Plaintiff has had to suffer the burden of receiving phone calls from an ATDS using a pre-recorded voice. Thus, her injuries are also typical to Class Members.

64.  Plaintiff and Class Members were harmed by the acts of Defendants in at least the following ways: Defendants harassed Plaintiff and Class Members by illegally calling their cellular phones using a pre-recorded voice and an ATDS. Plaintiff and Class Members were damaged thereby.

65.  <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she is similarly situated, as demonstrated herein.  Plaintiff acknowledges that she has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the Telephone Consumer Protection Act. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

66.  <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

67.  <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

    a.  Class-wide damages are essential to induce Defendants to comply with Federal law.

11

b.    Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct.

c.    Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

d.    Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

e.    Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

f.    Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy.

68.   Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct.

69.   The Class may also be certified because:

- the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants;

- the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

- Defendants have acted or refused to act on grounds generally applicable

**Second Amended Class Action Complaint**                                    3:19-cv-01230-BEN-BGS

to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

70. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

71. The joinder of Class Members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendants' records.

<strong>FIRST CAUSE OF ACTION</strong>

<strong>NEGLIGENT VIOLATIONS OF THE</strong>

<strong>TELEPHONE CONSUMER PROTECTION ACT (TCPA)</strong>

<strong>47 U.S.C. § 227</strong>

72. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

73. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 *et seq.*

74. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

75. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

<strong>SECOND CAUSE OF ACTION</strong>

<strong>KNOWING AND/OR WILLFUL VIOLATIONS OF THE</strong>

<strong>TELEPHONE CONSUMER PROTECTION ACT (TCPA)</strong>

<strong>47 U.S.C. § 227</strong>

76. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

77.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

78.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendants, and Plaintiff and the Class be awarded damages from Defendants, as follows:

- Certify the classes as requested herein;

- Appoint Plaintiff to serve as the Class Representative for the classes; and

- Appoint Plaintiff's Counsel as Class Counsel in this matter for the classes.

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendants:

- Special, general, compensatory and punitive damages;

- Injunctive relief, prohibiting such conduct in the future;

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

- Any other relief the Court may deem just and proper including interest.

**Second Amended Class Action Complaint**                                3:19-cv-01230-BEN-BGS

## TRIAL BY JURY

72.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date:  October 24, 2019                By*:  s/ Yana A. Hart*
                                          Yana A. Hart Esq.
                                          yana@kazlg.com
                                          *Attorneys for Plaintiff*

15